J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street,
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff and Counterdefendant,
BROWMAN FAMILY VINEYARDS, INC.

EDMUND J. FERDINAND III, Pro Hac Vice
GRIMES & BATTERSBY, LLP
488 Main Avenue,
Norwalk, CT 06851
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

ROBERT E. WHITE, State Bar No. 78567
LAW OFFICES OF ROBERT E. WHITE
177 Post Street, Suite 890
San Francisco, CA 94108
Telephone: (415) 788-6151
Facsimile: (415) 788-6154

Attorneys for Defendant and Counterplaintiff,
CAVIT CANTINA VITICOLTORI CONSORIZIO SOCIALI
DEL TRENTINO SOCIETA COOPERATIVA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROWMAN FAMILY VINEYARDS, INC. | CASE NO. C 09-01070 JSW (EMC)<br>CASE NO. C 09-02470 JSW (EMC) |
| Plaintiff, | (related cases) |
| vs. | |
| CAVIT CANTINA VITICOLTORI CONSORZIO CANTINE SOCIALI DEL TRENTINO SOCIETA COOPERATIVA | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

CAVIT CANTINA VITICOLTORI
CONSORZIO CANTINE SOCIALI DEL
TRENTINO SOCIETA COOPERATIVA,

Counterclaimant,

vs.

BROWMAN FAMILY VINEYARDS,
INC.

Counterdefendant.

1. PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS.

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony,

2

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)

1   transcripts, or tangible things) that are produced or generated in disclosures or responses to

2   discovery in this matter.

3       2.3 "Confidential" Information or Items: information (regardless of how generated,

4   stored or maintained) or tangible things that qualify for protection under standards developed

5   under F.R.Civ.P. 26(c).

6       2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely

7   sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

8   would create a substantial risk of serious injury that could not be avoided by less restrictive

9   means.

10      2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a

11  Producing Party.

12      2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery

13  Material in this action.

14      2.7. Designating Party: a Party or non-party that designates information or items

15  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

16  Confidential — Attorneys' Eyes Only."

17      2.8 Protected Material: any Disclosure or Discovery Material that is designated as

18  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

19      2.9. Outside Counsel: attorneys who are not employees of a Party but who are

20  retained to represent or advise a Party in this action.

21      2.10 House Counsel: attorneys who are employees of a Party.

22      2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as

23  their support staffs).

24      2.12 Expert: a person with specialized knowledge or experience in a matter

25  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

26  witness or as a consultant in this action and who is not a past a current employee of a Party or

27  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

28

3

STIPULATED PROTECTIVE ORDER

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)

1   employee of a Party or a competitor of a Party's. This definition includes a professional jury or

2   trial consultant retained in connection with this litigation.

3          2.13  Expert Competitor:  a person with specialized knowledge or experience in a

4   matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

5   expert witness or as a consultant in this action and who is a direct competitor, or employed by a

6   direct competitor of a Party or is affiliated with any enterprise that is in a position to commercially

7   exploit information marked "Highly Confidential – Attorneys' Eyes Only."

8          2.14  Professional Vendors: persons or entities that provide litigation support

9   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

10  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

11  subcontractors.

12         3. SCOPE.

13         The protections conferred by this Stipulation and Order cover not only Protected Material

14  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

15  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16  parties or counsel to or in court or in other settings that might reveal Protected Material.

17         4. DURATION.

18         Even after the termination of this litigation, the confidentiality obligations imposed by this

19  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

20  otherwise directs.

21         5. DESIGNATING PROTECTED MATERIAL.

22         5.1 Exercise of Restraint and Care in Designating Material for Protection. Each

23  Party or non-party that designates information or items for protection under this Order must take

24  care to limit any such designation to specific material that qualifies under the appropriate

25  standards. A Designating Party must take care to designate for protection only those parts of

26  material, documents, items, or oral or written communications that qualify – so that other portions

27

28

4

1    of the material, documents, items, or communications for which protection is not warranted are

2    not swept unjustifiably within the ambit of this Order.

3         Mass, indiscriminate, or routinized designations are prohibited. Designations that

4    are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

5    unnecessarily encumber or retard the case development process, or to impose unnecessary

6    expenses and burdens on other parties), expose the Designating Party to sanctions.

7         If it comes to a Party's or a non-party's attention that information or items that it

8    designated for protection do not qualify for protection at all, or do not qualify for the level of

9    protection initially asserted, that Party or non-party must promptly notify all other parties that it is

10   withdrawing the mistaken designation.

11        5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

12   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

13   material that qualifies for protection under this Order must be clearly so designated before the

14   material is disclosed or produced.

15        Designation in conformity with this Order requires:

16        (a) for information in documentary form (apart from transcripts of

17   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

18   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

19   of each page that contains protected material. If only a portion or portions of the material on a

20   page qualifies for protection, the Producing Party also must clearly identify the protected

21   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

22   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

24        A Party or non-party that makes original documents or materials available

25   for inspection need not designate them for protection until after the inspecting Party has indicated

26   which material it would like copied and produced. During the inspection and before the

27   designation, all of the material made available for inspection shall be deemed "HIGHLY

28

STIPULATED PROTECTIVE ORDER            Case No. C 09-01070 JSW (EMC)
                                                  Case No. C 09-02470 JSW (EMC)

1    CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

2    documents it wants copied and produced, the Producing Party must determine which documents,

3    or portions thereof, qualify for protection under this Order, then, before producing the specified

4    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

6    contains Protected Material. If only a portion or portions of the material on a page qualifies for

7    protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

8    making appropriate markings in the margins) and must specify, for each portion, the level of

9    protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY").

11              (b) for testimony given in deposition or in other pretrial or trial

12   proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

13   record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

14   and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

16   testimony that is entitled to protection, and when it appears that substantial portions of the

17   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

18   testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

19   have up to 20 days to identify the specific portions of the testimony as to which protection is

20   sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

22   are appropriately designated for protection within the 20 days shall be covered by the provisions

23   of this Stipulated Protective Order.

24              Transcript pages containing Protected Material must be separately bound

25   by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

26   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

27   nonparty offering or sponsoring the witness or presenting the testimony.

28

6

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging

STIPULATED PROTECTIVE ORDER

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)

1    Party may proceed to the next stage of the challenge process only if it has engaged in this meet

2    and confer process first.

3          6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

4    confidentiality designation after considering the justification offered by the Designating Party

5    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

6    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

7    challenge. Each such motion must be accompanied by a competent declaration that affirms that

8    the movant has complied with the meet and confer requirements imposed in the preceding

9    paragraph and that sets forth with specificity the justification for the confidentiality designation

10   that was given by the Designating Party in the meet and confer dialogue.

11         The burden of persuasion in any such challenge proceeding shall be on the

12   Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

13   material in question the level of protection to which it is entitled under the Producing Party's

14   designation.

15       7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

16         7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

17   disclosed or produced by another Party or by a non-party in connection with this case only for

18   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

19   disclosed only to the categories of persons and under the conditions described in this Order.

20   When the litigation has been terminated, a Receiving Party must comply with the provisions of

21   section 11, below (FINAL DISPOSITION).

22         Protected Material must be stored and maintained by a Receiving Party at a

23   location and in a secure manner that ensures that access is limited to the persons authorized under

24   this Order.

25         7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

26   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27   disclose any information or item designated CONFIDENTIAL only to:

28

STIPULATED PROTECTIVE ORDER

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)

1          (a) the Receiving Party's Outside Counsel of record in this action, as well

2  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

3  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

4  attached hereto as Exhibit A;

5          (b) the officers, directors, and employees (including House Counsel) of the

6  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

7  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

8          (c) experts (as defined in this Order) of the Receiving Party to whom

9  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

10  Bound by Protective Order" (Exhibit A);

11          (d) the Court and its personnel;

12          (e) court reporters, their staffs, and professional vendors to whom

13  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

14  Bound by Protective Order" (Exhibit A);

15          (f) during their depositions, witnesses in the action to whom disclosure is

16  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

17  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

18  Protected Material must be separately bound by the court reporter and may not be disclosed to

19  anyone except as permitted under this Stipulated Protective Order.

20          (g) the author of the document or the original source of the information.

21        7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

22  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

23  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

25          (a) the Receiving Party's Outside Counsel of record in this action, as well

26  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

27

28

STIPULATED PROTECTIVE ORDER

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)

1   this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

2   attached hereto as Exhibit A;

3         (b) House Counsel of a Receiving Party (1) who has no involvement in

4   competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

5   and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6         (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

7   necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

8   Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

9   been followed;

10         (d) the Court and its personnel;

11         (e) court reporters, their staffs, and professional vendors to whom

12   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

13   Bound by Protective Order" (Exhibit A); and

14         (f) the author of the document or the original source of the information.

15       7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY" Information or Items to "Expert Competitors".

17         (a) Unless otherwise ordered by the court or agreed in writing by the

18   Designating Party, a Party that seeks to disclose to an "Expert Competitor" (as defined in this

19   Order) any information or item that has been designated "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1)

21   identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks

22   permission to disclose to the Expert Competitor, (2) sets forth the full name of the Expert

23   Competitor and the city and state of his or her primary residence, (3) attaches a copy of the Expert

24   Competitor's current resume, (4) identifies the Expert Competitor's current employer(s), (5)

25   identifies each person or entity from whom the Expert Competitor has received compensation for

26   work in his or her areas of expertise or to whom the expert has provided professional services at

27   any time during the preceding five years, and (6) identifies (by name and number of the case,

28

STIPULATED PROTECTIVE ORDER

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)

1    filing date, and location of court) any litigation in connection with which the Expert Competitor

2    has provided any professional services during the preceding five years.

3           (b) A Party that makes a request and provides the information specified in

4    the preceding paragraph may disclose the subject Protected Material to the identified Expert

5    Competitor unless, within seven court days of delivering the request, the Party receives a written

6    objection from the Designating Party. Any such objection must set forth in detail the grounds on

7    which it is based.

8           (c) A Party that receives a timely written objection must meet and confer

9    with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

10    agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert

11    Competitor may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil

12    Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

13    describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

14    to the Expert Competitor is reasonably necessary, assess the risk of harm that the disclosure

15    would entail and suggest any additional means that might be used to reduce that risk. In addition,

16    any such motion must be accompanied by a competent declaration in which the movant describes

17    the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet

18    and confer discussions) and sets forth the reasons advanced by the Designating Party for its

19    refusal to approve the disclosure.

20           In any such proceeding the Party opposing disclosure to the Expert

21    Competitor shall bear the burden of proving that the risk of harm that the disclosure would entail

22    (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

23    Material to its Expert Competitor.

24           8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

25    <u>LITIGATION</u>.

26           If a Receiving Party is served with a subpoena or an order issued in other litigation that

27    would compel disclosure of any information or items designated in this action as

28

STIPULATED PROTECTIVE ORDER        Case No. C 09-01070 JSW (EMC)
                                           Case No. C 09-02470 JSW (EMC)

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action

STIPULATED PROTECTIVE ORDER

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)

1   any Protected Material. A Party that seeks to file under seal any Protected Material must comply

2   with Civil Local Rule 79-5.

3       11. <u>FINAL DISPOSITION</u>.

4       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

5   after the final termination of this action, each Receiving Party must return all Protected Material

6   to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

7   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

8   Protected Material. With permission in writing from the Designating Party, the Receiving Party

9   may destroy some or all of the Protected Material instead of returning it. Whether the Protected

10   Material is returned or destroyed, the Receiving Party must submit a written certification to the

11   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

12   deadline that identifies (by category, where appropriate) all the Protected Material that was

13   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

14   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

15   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

16   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

17   work product, even if such materials contain Protected Material. Any such archival copies that

18   contain or constitute Protected Material remain subject to this Protective Order as set forth in

19   Section 4 (DURATION), above.

20       12. <u>MISCELLANEOUS</u>.

21       12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person

22   to seek its modification by the Court in the future.

23       12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

24   Order no Party waives any right it otherwise would have to object to disclosing or producing any

25   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

26   Party waives any right to object on any ground to use in evidence of any of the material covered

27   by this Protective Order.

28

STIPULATED PROTECTIVE ORDER          Case No. C 09-01070 JSW (EMC)
                                          Case No. C 09-02470 JSW (EMC)

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   Date: 12/3/09

                                 DICKENSON, PEATMAN & FOGARTY

3

4                             By

                                 J. Scott Gerien

5                                 Megan Ferrigan Healy

6                               809 Coombs Street

                               Napa, California  94559

7                               Telephone: 707-252-7122

                               Facsimile: 707-255-6876

8                           Attorneys for Plaintiff and Counterdefendant,

9                           BROWMAN FAMILY VINEYARDS, INC.

10  Date: 11/30/2009

                               GRIMES & BATTERSBY, LLP

11

12                             By

                               Edmund J. Ferdinand III

13

14                             488 Main Avenue

                               Norwalk, CT  06851

15                             Telephone: 203-849-8300

                               Facsimile: 203-849-9300

16                           Attorneys for Defendant and Counterplaintiff,

                           CAVIT CANTINA VITICOLTORI CONSORIZIO

17                           CANTINE SOCIALI DEL TRENTINO SOCIETA

                           COOPERATIVA

18

19

20

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23

24  Date: December 7, 2009

25                             HONORABLE JEFFREY S. WHITE

                             UNITED STATES DISTRICT JUDGE

26

27

28

                                  14

STIPULATED PROTECTIVE ORDER                 Case No. C 09-01070 JSW (EMC)

                                         Case No. C 09-02470 JSW (EMC)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the cases of Cavit v. Browman, Case No. C 09-02470 JSW (EMC) and Browman v. Cavit, Case No. C 09-01070 JSW (EMC). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

Case No. C 09-01070 JSW (EMC)
Case No. C 09-02470 JSW (EMC)